Argued February 2, reversed and remanded April 2, 1965

## VOCU *v.* EELLS ET AL
400 P. 2d 516

*William W. McGeorge,* Portland, argued the cause and filed briefs for appellants.

*Ernest M. Jachetta,* Portland, argued the cause for respondent. With him on the brief was Leo Levenson, Portland.

176

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Lusk, Justices.

O'CONNELL, J.

This is an action to recover damages for alleged fraudulent representations made by one of the defendants in purchasing certain real property from plaintiff. The jury returned a verdict of $2,750 general damages against all of the defendants (partners) and $2,500 punitive damages against Pritchett who made the alleged misrepresentations. Defendants appeal from a judgment entered on the verdict.

Plaintiff was the owner of a dwelling house and lot in Portland which she desired to sell. The property was subject to a mortgage executed to Securities-Intermountain, Inc. The mortgage was assigned to Sun Life Assurance Company of Canada but Securities-Intermountain, Inc. continued to service the mortgage. Plaintiff listed the property with a realtor under an exclusive listing. She also got in touch with Mr. Crockett of Securities-Intermountain, Inc. and asked him if he would help her find a purchaser for the property. Mr. Crockett said that he knew a person who might be interested in buying the property. The person to whom he referred was defendant Morgan Pritchett who, on behalf of the partnership consisting of himself and the other defendants, sought out and purchased residential property from mortgagors who were in distressed financial circumstances.

Crockett called Pritchett and an appointment was made to discuss with plaintiff the possibility of sale. Soon thereafter Pritchett went to plaintiff's home and purchased plaintiff's interest in the property. It is alleged that at this meeting Pritchett, for

the purpose of deceiving plaintiff, misrepresented certain material facts as a result of which plaintiff was induced to sell her interest in the property for less than she would have sold it had the misrepresentations not been made. There was sufficient evidence to support this allegation.

■ However, the judgment must be reversed for the reason that the trial judge improperly instructed the jury with respect to the existence of a fiduciary relationship between defendant Pritchett and plaintiff.

There was no evidence to support a finding that Pritchett was a fiduciary or that plaintiff had a right to assume that Pritchett stood in that relationship to her. It is alleged that "defendant Morgan Pritchett, by his statements, actions and conduct, led or caused plaintiff to believe that he was connected or associated with said Securities-Intermountain, Inc., in which she reposed explicit confidence and trust."

If Securities-Intermountain, Inc., stood in a fiduciary relationship with plaintiff, a representation by Pritchett that he was associated with that company would be sufficient to charge him with the fiduciary obligation of the principal he purported to represent. However, there is no evidence that Securities-Intermountain, Inc. or Mr. Crockett assumed such a relationship. The corporation, originally as mortgagee and later as agent for the assignee of the mortgagee, was principally concerned with the collection of the mortgage debt. In making these collections it dealt with plaintiff at arm's length for the purpose of serving its own interests, not those of plaintiff. That relationship of creditor and debtor continued to exist when plaintiff asked Mr. Crockett to help her find a purchaser for her property.

■ The evidence will not support a finding that Mr.

Crockett was employed as agent for plaintiff. Since he was not an agent, a fiduciary relation did not arise either between plaintiff and Mr. Crockett or between plaintiff and defendant Pritchett. Since the instructions to the jury keyed defendants' liability to the existence of a fiduciary relationship between Pritchett and plaintiff, the jury could have been misled in appraising Pritchett's duty to plainttiff. In the present case the form of the instruction defining fiduciary relation was approved in *Dean v. Cole,* 103 Or 570-579, 204 P 952 (1922). In that case it was assumed that a fiduciary relation will arise out of the utterance of a half truth by one who has superior knowledge and undertakes to make statements concerning the property being sold. The instruction given in *Dean v. Cole,* supra, embodied this definition of a fiduciary relation. The instruction was clearly wrong. The mere utterance of a half truth by one who has superior knowledge does not in itself create a fiduciary relationship. The case must, therefore, be overruled insofar as it approves the erroneous instruction.

The other assignments of error are without merit or are not likely to arise upon a retrail of the cause.

The judgment is reversed and the cause is remanded for a new trial.