Argued November 29, accused reprimanded December 31, 1965

IN RE COMPLAINT AS TO THE CONDUCT OF
JASON LEE, ACCUSED
409 P. 2d 337

*Ralph Hillier,* Eugene, argued the cause for accused. On the briefs were Husband, Johnson and Hillier, Eugene, and Estep and Daniels, Salem.

*Elliott B. Cummins,* McMinnville, argued the cause for Oregon State Bar. With him on the brief was Henry W. Devlin, McMinnville.

Before McALLISTER,* Chief Justice, and PERRY,* SLOAN, GOODWIN, DENECKE, LUSK and SCHWAB, Justices.

PER CURIAM.

This case is here upon the petition of Jason Lee, a member of the Oregon State Bar, for review and modification of the recommendation of the Board of Governors of the Oregon State Bar that he be suspended from the practice of law in the state of Oregon for a period of one year.

Petitioner was charged by the Board of Governors with unprofessional conduct in three particulars: (1) Soliciting professional employment in connection with personal injury claims in violation of ORS 9.500;

* McAllister, C. J., and Perry, J., did not participate in this decision.

(2) directing his secretary as a notary to execute false acknowledgments in violation of ORS 194.310; (3) collecting an excessive fee from a client in connection with services rendered to the client before the State Industrial Accident Commission in violation of ORS 656.590.

■ The first charge arose out of a special delivery letter that petitioner wrote to a husband and wife after reading a newspaper account of a traffic accident involving them. He knew these people only through a casual non-professional business relationship with the husband. The letter did not directly suggest employment but, after preliminary amenities, offered friendly legal advice "in appreciation for past favors." Petitioner admits that he sensed the letter was an indiscretion immediately after mailing it. None the less, he contends that the motivation was not to solicit business but to "pay a debt of friendship." He further argues that the letter was not improper because it did not actually request employment.

The only thing that can be said in petitioner's favor is that he made no further contact with the addressees relative to obtaining professional employment and did not represent them in connection with their accident. The fact that the letter did not openly and crudely request employment is no defense. Unethical solicitation can be accomplished effectively in many ways without words of request and entreaty. The record discloses no reason for the petitioner to feel a debt of gratitude. To accept petitioner's interpretation of his intent would be to adopt a standard of credulity which would make a mockery of the code of ethics. The petitioner was clearly guilty of a violation of ORS 9.500.

■ The second charge arose out of petitioner's em-

ployment by one Charles M. Simmons, of Los Angeles, California, for the purpose of organizing a corporation in connection with an Oregon land sales promotion. Articles of incorporation were prepared by the petitioner and ultimately reached Simmons through the mail. Simmons returned three signed copies of the articles to the petitioner bearing what purported to be the signatures of three incorporators. Stapled to each of the copies was a certificate by a California notary public to the effect that the three alleged signatories had personally appeared before the notary, acknowledged to the notary that they were the persons whose names were subscribed to the articles of incorporation and that they had executed the same. Along with the articles of incorporation petitioner received a letter from Simmons which read in part, as follows:

"All three of the incorporators were down here for our big Hidden Valley Ranch celebration and I got their names notarized accordingly.

"Being as I have the notary affidavits I wonder if you could go ahead and notarize them. Wouldn't it look much better? The Rankins have been associated with us for six or eight years, and Frank Butterworth has been associated with me for fifteen years."

Petitioner complied with Simmons' suggestion and directed his secretary to remove the certificates of the California notary and to attach her own, certifying that the three alleged incorporators had personally appeared before her. Later some question arose as to whether or not the alleged signatories had actually affixed their names to the articles of incorporation. When this came to the attention of the petitioner, he did notify the Oregon State Bar of the facts.

The petitioner suggests that the provisions of ORS

93.440[1] permitting the acknowledgment of signatures on a conveyance out of the presence of a signatory upon the evidence of a subscribing witness misled the petitioner into the false belief that the California notarizations attached to the articles constituted satisfactory evidence under this statute upon which to base the Oregon notarizations. The petitioner does nothing to enhance his reputation by asking bench and bar to accept such an explanation. If petitioner thought he had authority under ORS 93.440 to substitute the Oregon notarizations, it is difficult to believe he would not have employed a certificate complying with the requirements of ORS 93.470.[2] This he did not do. On the contrary, through his secretary he employed the usual form of certificate reciting the personal appearance of each of the signatories before the notary.

The most that can be said for petitioner in this connection is that there was no intent to injure or defraud anyone and no such result followed as in *Ex parte Finn*, 32 Or 519, 52 P 756, 67 Am St Rep 550 and *In re McAlear*, 179 Or 265, 170 P2d 763. By directing his secretary to make a false certificate in

---

[1] 93.440. Proof of the execution of any conveyance may be made before any officer authorized to take acknowledgments of deeds, and shall be made by a subscribing witness thereto, who shall state his own place of residence, and that he knew the person described in and who executed the conveyance. Such proof shall not be taken unless the officer is personally acquainted with the subscribing witness, or has satisfactory evidence that he is the same person who was a subscribing witness to the instrument.

[2] 93.470. Every officer who takes the proof of any conveyance shall indorse a certificate thereof, signed by himself, on the conveyance. In the certificate he shall set forth those matters required by ORS 93.440 to 93.460 to be done, known or proved, together with the names of the witnesses examined before the officer, and their places of residence, and the substance of the evidence given by them.

violation of ORS 194.310, Lee failed and neglected to uphold the laws of the state of Oregon.

The trial committee found insufficient evidence to support the third charge against Lee. The fee charged by Lee was in violation of ORS 656.590 as construed by the majority opinion in *Cox v. State Ind. Acc. Com.*, 168 Or 508, 121 P2d 919, 123 P2d 800, 159 ALR 899. However, we agree with the trial committee's finding that there was insufficient evidence of "guilty" intent on the part of the petitioner.

Based upon its findings that Lee was guilty of two of three charges against him, the trial committee by a two to one vote recommended a public reprimand. The third vote was for a private reprimand. When the vote came before the Board of Governors of the Oregon State Bar, the Board found Lee guilty of all three charges. By a vote of nine to two the Board of Governors recommended that Lee be suspended from practice for a period of one year. The two minority votes were in favor of a public reprimand.

We attach substantial weight to the recommendations of the Board of Governors in disciplinary matters. However, in this instance the Board's recommendations were predicated upon its finding that the petitioner was guilty of all three charges against him. Since, like the trial committee, we do not find sufficient evidence to support a finding of guilty of the third charge, we are of the opinion that Jason Lee should be, and he is, hereby publicly reprimanded for unethical conduct and admonished against a repetition of such conduct with the warning that any future unethical conduct may well have cumulative consequences.

Costs are awarded to the Oregon State Bar.