Submitted March 10, reprimanded April 26, 1967

In re Complaint as to the Conduct of
MONTE E. WALTER, Accused
427 P. 2d 96

No appearances.

Before Perry, Chief Justice, and McAllister,

14

SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

PER CURIAM.

Walter is guilty of taking an acknowledgment to a deed, as a notary public, when he never saw the grantor of the deed. The act was a violation of the statutes relating to the function of a notary public and was a misdemeanor. ORS 194.990.

The deed involved was one in which an office associate of Walter was the grantee. The sale of the land to Walter's associate, for which the deed was given, became the subject of civil litigation. *Vocu v. Eells,* 1965, 240 Or 175, 400 P2d 516. Walter's associate was accused of fraud in the transaction. However, it is not claimed that Walter had any part in or was aware of the alleged fraud. The charge against Walter is that he wrongfully executed the acknowledgment at his associate's request. The nature of the transaction is mentioned to emphasize the importance of the notarial function.

■ When a notary, most particularly when the notary is a lawyer, officially certifies that the grantor of a deed has personally appeared before the notary and acknowledged that the deed has been voluntarily and knowingly executed it must be a meaningful certification. It is possible that the deed in question would not have been executed if the proper notarial procedure had been followed.

■■ The statutes, ORS 194.010 et seq. make careful and detailed provisions to safeguard the notarial function and to give all of the assurance that law can give that the notary's function will be properly performed.

The validity of a real property transaction is frequently dependent on the notary's performance of duty. A lawyer may violate his oath as an attorney and as a notary when he fails to rigidly adhere to his duty as a notary. A lawyer need not be told that when he acts as a notary in a blind acknowledgment, or if he participates in its doing by others, he easily becomes an accessory to fraud and chargeable with it.

■■ Walter is reprimanded. This must be considered a minimum penalty. *In re Richard R. Morris,* 1958, 215 Or 180, 332 P2d 885. Members of the Bar are advised that their frequent function as a notary is not to be lightly performed. Costs shall be taxed against Walter. ORS 9.540 (2).