## Commonwealth of Pennsylvania, Bureau of Commissions v. Michael J. Downing, Appellant.

Argued January 8, 1976, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Michael J. Downing*, appellant, for himself.

*David F. DeWees*, Assistant Attorney General, with him *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE BLATT, May 19, 1976:

In accordance with the provisions of the Administrative Agency Law,[1] Michael J. Downing has appealed from an adjudication of the Bureau of Commissions (Bureau) in the Department of State, wherein the Bureau refused to revoke the notary commission of Frances Schultz. Downing had requested the Bureau to revoke the commission on the allegation that Ms. Schultz had violated The Notary Public Law[2] when she affixed her notary seal to a document which, although signed by him, had not been signed in her presence.

On November 8, 1973 Downing suffered injuries in a fall from a ladder, while washing windows, and was admitted to the Easton Hospital. In accordance with hospital policy, he was requested, as an indigent, to sign an application for public assistance medical benefits, which application had been prepared by hospital personnel. Downing, who adheres to religious convictions against accepting charity, testified that, although he had signed some papers while under hospital-administered sedation,

---

1. Act of June 4, 1945, P. L. 1388, *as amended*, 71 P. S. §1710.1, et seq.

2. Act of August 21, 1953, P. L. 1323, *as amended*, 57 P. S. §147, et seq.

he was then unaware that he had signed an application for public assistance and that, had he been aware of the nature of this document, he would not have signed it. Ms. Schultz acknowledged by written affidavit that she had not been physically present when Downing signed the application but she stated that she nevertheless notarized the document because she knew that the signature had been obtained by a hospital staff member authorized to do so under an administrative policy of the hospital.

The Bureau concluded as a matter of law that "[t]he facts as set forth herein indicate that the notary did not fulfill the strict interpretation of the Notary Act, *supra*, in that Michael Downing did not personally appear before her and acknowledge and swear that he was the person whose name was subscribed to the request for public assistance." The Bureau further stated that her "failure to do so was a result of the administrative policy of the hospital and not because of any willful misconduct or intention to violate the law by Frances Schultz." The Bureau, recognizing that The Notary Public Law provides that the "Secretary of the Commonwealth may, for good cause, reject any application, or revoke the Commission of any notary public,"[3] ordered the Easton Hospital to change its policy so as to comply with the law, but it denied Downing's request for the revocation of the Schultz commission. This appeal by Downing followed.

Inasmuch as the findings pertinent to the adjudication are not disputed, the Bureau argues that we must affirm its order as a proper exercise of administrative discretion. However, while we agree that The Notary Public Law does allow the Bureau some discretion in determining whether or not to revoke a notary commission, we believe that the Bureau here abused its discretion in failing to revoke the commission of Frances Schultz.

---

3. Section 22 of The Notary Public Law, 57 P. S. §168.

616

We suspect that it is all too common a practice for notaries public to affix their seals to documents not signed in their presence. Such a practice, however, is clearly unlawful, and should not be condoned, for the evils of such an unlawful practice are readily apparent, and are especially so in the case at hand. Here Downing signed an application which he did not prepare, which he may not have understood, and which was evidently inconsistent with his religious convictions, all of which might have come to the attention of the notary had she been present when Downing's signature was affixed. At the very least, her presence at that time might have alerted Downing to the fact that he was signing what for him was much more than a routine and inconsequential paper, a paper, in fact, which he now testifies that he would not have signed if he had understood its import.

We believe, therefore, that the Bureau should have revoked the Commission at the time of Downing's appeal and that in the least her commission should be suspended for a period of one year.

It is our understanding that Ms. Schultz currently holds a notary commission due to expire on April 6, 1978, and in accordance with our powers under Section 44 of the *Administrative Agency Law*, 71 P.S. §1710.44, we issue the following

ORDER

AND, Now, this 19th day of May, 1976, the order of the Bureau of Commissions is reversed and the notary commission of Frances Schultz, due to expire on April 6, 1978, is hereby suspended for a period of one year to begin ten days from the date of this order.