## IN THE MATTER OF DAVID V. CONTI, JR., AN ATTORNEY AT LAW.

Argued September 20, 1977—Decided November 18, 1977.

Mr. *Charles W. Winetsky* argued the cause for complainant Union County Ethics Committee.

Mr. *J. Roger Conant* argued the cause for respondent (*Messrs. Conant and McCreedy,* attorneys).

PER CURAM. The Union County Ethics Committee has submitted a presentment to this Court with respect to certain conduct on the part of respondent, David V. Conti, Jr.

Conti represented Albert A. Witfill and Catherine W. Witfill, husband and wife, in connection with securing subdivision approval for tract of land in Union County, lying partly in the Borough of Roselle Park and partly in the Township of Union. Approval having eventually been obtained from both municipalities, respondent prepared a deed conveying the three separate parcels resulting from the subdivision from the Witfills as grantors to themselves as grantees. The purpose of the conveyance was to establish as a matter of record the division of the whole parcel into three tracts that might thereafter be sold independently.

Rita Aponick, respondent's secretary, telephoned the owners. She told them that the deed had been prepared and requested them to come to respondent's office to attend to its execution. They replied that this was impossible for various reasons; they had moved from Union County to Ocean County and had no convenient means of returning. Furthermore they were financially straitened, and Mr. Witfill was not well. Respondent's secretary then suggested that she send the instrument to them for execution before a local notary

public. The Witfills rejected this proposal, too, and in Ms. Aponick's words, "she [Mrs. Witfill] instructed me and the office to do whatever we had to do in order to have the deed properly recorded in order that she could then sell the properties as separate tracts."

Respondent then directed Ms. Aponick to sign the names of the grantors at the appropriate place in the deed. He seems also to have suggested that she copy as nearly as possible the Witfills' genuine signatures, specimens of which were apparently available. When asked why he had directed that this be done, respondent replied that any glaring difference in signatures appearing upon deeds signed by his clients might cause a problem if discovered during a title search.

After the signatures had been placed upon the deed, Conti signed his name as a witness and also signed the acknowledgment in his capacity as an attorney at law of New Jersey. The acknowledgment recited that Albert A. Witfill and Catherine W. Witfill, his wife, personally appeared before respondent and acknowledged that they signed, sealed and delivered the instrument as their act and deed and that the full consideration for the transfer was the sum of one dollar. Actually, as respondent knew, the grantors had not appeared before him, nor had they made the statements attributed to them. The instrument was then recorded.

Respondent explains his conduct as having been done to facilitate the sale of his clients' property, about which they were very anxious. He points out that the grantors and grantees in the deed were the same persons and that his sole motive was to accommodate his clients' interests.

Conti does not contend that the verbal authority quoted above justified his subsequent conduct. Accordingly we expressly forbear from any consideration as to the scope or legal effect of this apparent grant of authority, which could not possibly justify all that was done thereafter.

The effort to copy the genuine signatures of the grantors was in effect an endeavor to mislead any who might thereafter search the title. The acknowledgment was an outright mis-

representation. Respondent's conduct violated *DR* 1–102 (A)(4) and 7–102(A)(5).

Respondent has hitherto enjoyed a blameless record at the bar. His misconduct — which cannot be excused or condoned — was nevertheless not undertaken in any selfish effort looking to personal aggrandizement. We tend to look upon what was done as aberrant conduct most unlikely to be repeated.

Respondent is severely reprimanded.

*For reprimand*—Chief Justice HUGHES and Justices MOUNTAIN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER— 6.

*Opposed*—None.