## In re Anonymous No. 23 D.B. 77

Disciplinary Board Docket no. 23 D.B. 77

### HISTORY OF THE CASE

PEARLSTINE, *Board Member,* July 14, 1978— On May 10, 1977, respondent received an informal admonition for an alleged violation of D.R. 1-102(A)(4) by chief disciplinary counsel. Respondent requested that the informal admonition be vacated and that formal proceedings be initiated in the matter pursuant to the provisions of section 208(A)(5) of the Pennsylvania Rules of Disciplinary Enforcement.

On October 24, 1977, a hearing committee conducted a hearing in [ ] and at the conclusion of the hearing, pursuant to Board Rule 89.181, the committee concluded it found no violation of the Code of ·Professional Responsibility. Since the hearing committee's conclusion was not acceptable to petitioner under the abbreviated procedure, the hear-

ing committee subsequently filed its report and the record of the proceedings with the secretary pursuant to Board Rule 89.171 et seq.

The office of disciplinary counsel excepted to the finding and recommendation of the hearing committee report and, pursuant to Board Rule 89.201, requested oral argument. Whereupon the chairman designated a panel consisting of Charles V. Henry, III, Henry T. Reath and Raymond Pearlstine, as chairman, to hear oral argument.

After due consideration, the board has determined that, even though the evidence establishes a clear violation of the code, the petition for discipline against [respondent] be dismissed and an opinion be prepared calling attention to the problems presented in this proceeding to the bar generally.

## STATEMENT OF FACTS

Respondent, [ ], is an attorney admitted to practice law at [A] County, Pa. He also holds a commission as a notary public. On or about August 26, 1971, [B] Esq., an attorney who had his office in [   ] County, brought a deed dated the same date to respondent's office for purpose of notarization. The deed purported to set forth a conveyance of certain land in [A] County from [C] et ux. to [D]. On that date [respondent] took the the acknowledgment after first requesting Mr. [B] to witness the signatures of the grantors, which acknowledgment sets forth that the grantors personally appeared and acknowledged the deed. In fact neither of the grantors was present nor did [respondent] ever witness their signature. In due course the deed was duly recorded in [A] County.

According to the evidence, when [B] secured the signatures of the grantors to the deed, he advised them that the conveyance was to his parents [Mr. and Mrs. B], for a consideration of $1,150. The consideration recited in the deed is One Dollar. According to the testimony of the grantee, the consideration received by [B] was $2,300 rather than $1,150.

## DISCUSSION

The petition for discipline charged respondent with violating the provisions of D.R. 1-102(A)(4) which states: "A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

The hearing committee, recognizing that the practice of affixing notarial seals not signed in the presence of the notary is common in this Commonwealth, concluded that there was no violation of the code. The committee further commented that such actions are not taken for the purpose of fraud or misrepresentation, but from the necessity of meeting the demands of the complicated society in which we live. While the board agrees with the hearing committee's recommendation that this case be dismissed, it cannot agree with the justification set forth in the hearing committee's report.

In the case of Commonwealth Bureau of Commissions v. Downing, 24 Pa. Commonwealth Ct. 613, 357 A. 2d 703 (1976), the Commonwealth Court states at page 616: "We suspect that it is all too common a practice for notaries public to affix their seals to documents not signed in their presence. Such a practice, however, is clearly unlawful, and should not be condoned, for the evils of such an

unlawful practice are readily apparent, and are especially so in the case at hand."

The fact that it may be common practice for notaries public to falsely acknowledge documents does not in any way justify or excuse respondent's conduct in this case. The board recognizes that there is a procedure before the Commonwealth Bureau of Commissions to revoke a notary public's commission for a false notarization of a deed. However, where the notary is also an attorney, such a remedy is inadequate.

Practice sub silentio does not make the law. The decisions in other jurisdictions treat conduct such as was indulged in by [respondent] far more seriously.

In the case of In the Matter of David V. Conti, Jr., 75 N.J. 114, 380 A. 2d 691 (1977), the Supreme Court of New Jersey held that an attorney's acknowledgment of the grantors' signatures on a deed which falsely recited that the grantors were personally present was a misrepresentation in violation of D.R. 1-102(A)(4) warranting severe reprimand. To the same effect is the case of In re: Monty E. Walter, 247 Ore. 13, 427 P. 2d 96 (1967), in which the Supreme Court of Oregon held that such conduct justified a reprimand.

In the recent case of In the Matter of the Discipline of John T. Finley, _____ Minn. _____, _____ N.W. 2d _____ (filed January 20, 1978), the Supreme Court of Minnesota held that the conduct of a lawyer taking acknowledgments of persons whom he did not personally see sign the documents, even without any evidence of fraud or personal profit, warranted public censure. However, because of all of the extenuating circumstances in that case, the Minnesota Court pointed out that public censure

should not be construed as a precedent in all future cases—inferring that future cases may be treated more harshly.

It is interesting to note that respondent in Finley asserted by way of justification for his conduct that:

"It was a customary practice for a Notary Public to, when circumstances warranted, acknowledge documents in blank or acknowledge the documents when the person whose signature is being acknowledged is not present and there was reasonable cause to believe that the procedure was authorized by the party whose acknowledgment was being taken. The conduct of the Respondent in this instance did not vary in material part from the practice of the community as a whole."

This defense was categorically rejected and the court pointed out that members of the bar are held to a higher standard of conduct than the public generally and that they take an oath to conduct themselves in an upright manner and to "use no falsehood or deceit." It is noted that Pennsylvania attorneys take a similar oath. See Act of April 14, 1834, P.L. 333, 17 P.S. §1603.

The board strongly condemns such conduct. It constitutes a violation of D.R. 1-102(A)(4). And, since the hearing committee found that such conduct does, in fact, exist in Pennsylvania, it should be eliminated forthwith. Not only does such conduct violate the Code of Professional Responsibility but also could constitute a misdemeanor proscribed in the Crimes Code of December 6, 1972, P.L. 1482, 18 Pa.C.S.A. §§4904 and 4911.

Even though a violation has been found, the board believes that no discipline should be imposed on this respondent. This is a case of first impression

in this Commonwealth and respondent's conduct occurred over seven years ago. Prior to and after August 26, 1971, respondent has maintained a spotless disciplinary record. We are impressed with this respondent's sincerity and cooperative attitude.

However, similar violations by members of the bar in future cases may well be dealt with more seriously.