## In Re JAMES CHRISTIAN SIMS, *Accused.*
## (No. 1388, SC 25692)

584 P2d 766

William V. Deatherage, Medford, argued the cause for accused. With him on the brief were Karen C. Allan, and Frohnmayer, Deatherage, Foster & Purdy, Medford.

William G. Carter, of Grant, Ferguson & Carter, Medford, argued the cause for Oregon State Bar. With him on the brief was Michael D. Snider, of Schulz, Salisbury & Cauble, Grants Pass.

PER CURIAM.

## PER CURIAM.

This is a disciplinary proceeding initiated by the Oregon State Bar. The accused was charged with signing his client's name to the verification of a response in a marriage dissolution and notarizing the client's signature.

The facts are not disputed.

The accused was admitted to the Oregon Bar in 1974 and opened his office in southern Oregon in August or September of 1975. Except for a small amount of criminal work, he was completely inexperienced in the practice of law. He had no secretary and did his own secretarial work either in the evenings after hours or in the mornings before opening the office.

In November, 1975, he was engaged to represent a friend in a marriage dissolution. The client did not want the divorce and was emotionally upset. Without notifying the accused, the client left the area. The accused knew that a response should be filed or a default would be taken. He prepared a general appearance form which simply stated "Respondent Appears," and at the same time he notarized the verification form. The next day he attempted to find his client to secure his signature on the verification. He was unable to locate the client and was uncertain about the way he should handle the verification. He inquired of another attorney, who advised him that an attorney could execute the verification if his client was out of the area. The accused then signed his client's name to the verification and filed the response in the dissolution proceeding.

The majority of the trial board found defendant guilty and recommended the accused receive a public reprimand. The disciplinary review board agreed with the majority of the trial board.

We appreciate that the accused was a young and inexperienced lawyer. We also appreciate that he

[ 39 ]

believed he had authority to sign his client's name to the verification,[1] and that he believed he was acting in the best interests of his client because the response had to be filed that day to prevent an order of default.

However, we cannot overlook the fact that the accused violated ORS 194.310(2), relating to the making of false aknowledgements, when he signed the client's name and certified that it was subscribed on oath before him. *See In re Evelyn N. Scott,* 255 Or 77, 464 P2d 318 (1970); *In re Monte E. Walter,* 247 Or 13, 427 P2d 96 (1967); *In re Jason Lee,* 242 Or 302, 409 P2d 337 (1965).

This opinion will serve as a public reprimand.

---

[1] There was evidence that the accused, because of his inexperience, had been in the habit of notarizing his own signature until the impropriety was called to his attention by a local district court judge.

A letter to the trial board from the client was received in evidence. The client stated that he had given the accused "complete power of attorney over all my affairs concerning the divorce."