516 A.2d 776

In Re: Nomination Petitions of Eugene J. Duncan, Candidate for Election to the United States House of Representatives. Petition of David A. Huber.

Heard April 15, 1982, by Judge CRAIG.

*Fred Speaker,* with him, *Thomas B. Schmidt, III* and *Larry L. Miller, Pepper, Hamilton & Scheetz,* for petitioner.

*R. Thomas Forr, Jr., Sullivan, Forr & Stokan,* for respondent.

OPINION BY JUDGE CRAIG, April 15, 1982:

With respect to the nomination petitions of Eugene J. Duncan, candidate for nomination on the Democratic ballot to run for election to the United States House of Representatives for the 9th Congressional District, Blair County, objector David A. Huber has filed a petition for review and objections asking that we order the setting aside of all the nominating petitions, consisting of ten sheets, bearing on their face approximately 404 signatures, with 200 valid signatures being required for Congressional nomination.

From the evidence at a hearing ably conducted by counsel for both objector and candidate, the major thrust of the objections centered upon the established

fact that the notarization of all ten of the circulators' affidavits, although appearing to be regular on their face, was defective in that, as established by the testimony of the one notary public involved, as well as by the testimony of the candidate, the notary public did not administer an oath to any of the circulators but, the circulators being known to her, accepted the petitions already bearing the circulators' signatures, and thereupon affixed her jurat without the circulators being present. The notary public testified that she had, on an earlier date, happened to witness several of the circulators affixing their signatures as such.

The objector's case also established that the candidate himself, from his political and career experience, is a person familiar with how the formal requisites of affidavits should be satisfied.

The candidate presented and, by testimony and stipulation, supported amended affidavits for all of the ten nomination petition sheets or pages, there being less than ten circulators involved altogether.

With that factual background, the pivotal issue, of course, is whether this court should exercise its discretion to allow the amended affidavits, to cure the defective ones, under Section 977 of the Election Code, the Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §2937, which accords discretion to the court to accept amendments to nomination petitions with respect to "material errors or defects apparent on the face" of the petitions.

*Ross Nomination Petition,* 411 Pa. 45, 190 A.2d 719 (1963) stands squarely for the proposition that amended affidavits may be accepted when the original ones have been notarized without the circulator(s) taking the oath in the presence of the notary public.

The objector, by counsel, cogently urges that this court depart from *Ross,* citing *Citizens Committee to*

*Recall Rizzo,* 470 Pa. 1, 367 A.2d 232 (1976), with respect to statements in the plurality opinion of Mr. Justice JONES, and other cases, such as our own *Bureau of Commissions v. Downing,* 24 Pa. Commonwealth Ct. 613, 357 A.2d 703 (1976), indicating growing judicial concern about overly casual notary public practice.

However, the foursquare authority of *Ross* appears to remain the guide as to the limits of discretion in this situation. In that case, the candidate Ross was also the circulator; therefore *Ross* was parallel to the present case, in that the candidate there very directly contributed to the absence of the administration of the oath.

Therefore, the decision of this court is to accept the amendatory affidavits as validating all ten pages of the nomination petition, as respects the circulators' affidavit aspect. We must be careful to avoid penalizing the innocent electors who signed the petitions seeking to add a candidate to the ballot.

Therefore, even if we were to deduct all 57 of the individual signatures of electors claimed by the objector to be invalid for one reason or another, it is clear that more than 200 valid signatures would remain out of the 404 total. Accordingly we need not discuss those specific signature objections.

Two of the preliminary objections presented on behalf of the candidate are overruled as follows: the objector, David A. Huber, does have standing as a registered elector of the Democratic party within the constituency, as established by admission in the answer and by the evidence; and the hearing conducted by this court was valid even though not held within ten days of March 30, 1982, the last day for filing, because we have held that requirement to be directory, *Nomination Petition of Anthony Meglio,* (No. 312 C.D. 1973, filed March 19, 1973).

Finally, as to the remaining preliminary objection, we hold that this court does have jurisdiction over contested nominations with respect to elections to Congress, because 42 Pa. C. S. §764(2) gives this court jurisdiction over election contests arising from the Office of the Secretary of the Commonwealth relating to "Statewide" office, unless within the jurisdiction of another "tribunal." Congressional election papers are filed with that secretary, and the office, bearing national legislative authority, is necessarily "Statewide." Although "tribunal" is defined in 42 Pa. C. S. §102 to include courts, no law confers such jurisdiction upon the common pleas or any other court, in that 42 Pa. C. S. §933, relied on by the candidate, expressly excludes "Statewide" office from common pleas jurisdiction.

ORDER

NOW, April 15, 1982, the petition of David A. Huber objecting to the nomination petitions of Eugene J. Duncan, candidate for election to the United States House of Representatives, is dismissed.