IN THE MATTER OF JAMES V. SPAGNOLI, AN ATTORNEY
AT LAW.

May 11, 1982.

*Colette A. Coolbaugh* argued the cause for the Division of
Ethics and Professional Services.

*Joseph W. Spagnoli* argued the cause for respondent.

## ORDER

The Disciplinary Review Board having filed a report recommending that JAMES V. SPAGNOLI of Elizabeth be publically reprimanded for his conduct in preparing and filing affidavits to which he signed the name of his client in violation of *DR* 1–102(A)(1), (3), (4), (5) and (6) and *DR* 7–102(A)(4), (5) and (6), and the Court having reviewed the record,

And the Disciplinary Review Board further recommending that respondent be required to reimburse the Administrative Office of the Courts for appropriate administrative costs, including production of stenographic transcripts, and good cause appearing

It is ORDERED that the report of the Disciplinary Review Board is hereby adopted and that JAMES V. SPAGNOLI be and hereby is publically reprimanded for his violation of *DR* 1–102(A)(1), (3), (4), (5) and (6) and *DR* 7–102(A)(4), (5) and (6); and it is further

ORDERED that the Decision and Recommendation of the Disciplinary Review Board, together with this order and the full record of this matter be added as a permanent part of the file of said JAMES V. SPAGNOLI as an attorney at law of the State of New Jersey; and it is further

ORDERED that JAMES V. SPAGNOLI reimburse the Administrative Office of the Courts for appropriate administrative costs, including production of stenographic transcripts.

### Decision and Recommendation of the Disciplinary Review Board

To the Honorable Chief Justice and Associate Justices of the Supreme Court of New Jersey:

This matter is before the Board based upon a complaint filed by the Division of Ethics and Professional Services consisting of two counts; both of which relate to respondent's conduct during the course of his representation of Iris Borok in a divorce action. Both counts were admitted by respondent in all material respects.

Count I alleged that on or about June 19, 1974 respondent prepared and filed two affidavits in connection with a Notice of Motion for Relief *Pendente Lite.* The affidavits purported to be signed by Iris Borok and witnessed by respondent, when in fact respondent signed his client's name to both affidavits. Count II alleged that on another, subsequent occasion respondent conformed and filed copies of an additional affidavit by Borok, the original of which was never executed by her.

Respondent alleged that his admittedly improper actions were due to inexperience and expediency, that he allowed himself to become overinvolved with his client's emergent situation and

that nothing that was done resulted in any economic gain to himself.

## CONCLUSION AND RECOMMENDATION

Upon a review of the full record, the Board is satisfied that the conclusion of the Committee, in finding unethical conduct on the part of respondent, is fully supported by clear and convincing evidence. Specifically the Board finds that respondent violated *DR* 1–102(A)(1), (3), (4), (5) and (6) as well as *DR* 7–102(A)(4), (5) and (6). It is therefore the Board's recommendation that respondent be publicly reprimanded for his conduct with respect to the affidavits. The two incidents occurred five years after his admission to practice and, although shortly after his entry into private practice, respondent had several years' experience as an assistant prosecutor. *In re Conti*, 75 *N.J.* 114 (1977). *In re Rinaldo*, 86 *N.J.* 640 (1981). The Board also recommends that respondent be required to reimburse the Administrative Office of the Courts for appropriate administrative costs, including production of stenographic transcripts.

DATED:   February 1, 1982

    DISCIPLINARY REVIEW BOARD

    By:   A. Arthur Davis, 3rd
          A. Arthur Davis, 3rd
          Chairman