IN THE MATTER OF DENNIS M. COUGHLIN, AN
ATTORNEY AT LAW.

July 2, 1982.

*Herbert Butler* argued the cause for the District I Ethics Committee.

The respondent waived his appearance before the Board.

## ORDER OF PUBLIC REPRIMAND

The Disciplinary Review Board having filed a report recommending that DENNIS M. COUGHLIN of Wildwood be publicly reprimanded for his conduct in improperly executing an acknowledgment in violation of *DR* 1–102(A)(4), as well as making a false statement of fact in violation of *DR* 7–102(A)(5), and the Court having reviewed the record;

And the Disciplinary Review Board further recommending that respondent be required to reimburse the Administrative Office of the Courts for administrative costs, including production of transcripts; and good cause appearing

It is ORDERED that the report of the Disciplinary Review Board is hereby adopted and that DENNIS M. COUGHLIN be and hereby is publicly reprimanded for his violation of *DR* 1–102(A)(4) and *DR* 7–102(A)(5); and it is further

ORDERED that the Decision and Recommendation of the Disciplinary Review Board, together with this Order and the full record of this matter, be added as a permanent part of the file of said DENNIS M. COUGHLIN as an attorney at law of the State of New Jersey; and it is further

ORDERED that DENNIS M. COUGHLIN reimburse the Administrative Office of the Courts for administrative costs, including production of transcripts.

### Decision and Recommendation of the Disciplinary Review Board

To the Honorable Chief Justice and Associate Justices of the Supreme Court of New Jersey:

This matter is before the Board based upon a report filed by the District I Ethics Committee which recommended that a letter of private reprimand issue against the respondent. The Board determined to deny that recommendation, and scheduled the matter for hearing. The case concerns the respondent's improper execution of the jurat on an Affidavit of Consideration or Exemption for a Deed, as well as the execution of the Acknowledgment on that Deed outside the presence of the grantor.

The facts of the case are not in dispute. The respondent, a single practitioner, acted as house counsel to Century 21, Stone Harbor Realty in Stone Harbor, New Jersey. Respondent was asked by an associate in the realty office to prepare a deed to transfer property from one Anthony Finocchiaro to his son, Anthony J. Finocchiaro. The respondent agreed to prepare and record a Deed and Affidavit for a fee of $75.00. Thereafter, he received from Delia Jones, the Century 21 associate, a copy of the old deed which indicated that Anthony Finocchiaro and his late wife owned the property in question as tenants by the

entirety. Respondent then prepared the Deed and Affidavit of Consideration, and delivered them to Delia Jones.

Several days later, the documents were returned to the respondent bearing the signature of Anthony Finocchiaro, and witnessed by Delia Jones. Respondent was advised by Ms. Jones that Mr. Finocchiaro had signed the documents in her presence on March 15, 1980 in Cape May. Since she was a notary in Pennsylvania but not in New Jersey, she did not complete either document.

The respondent then tried to call Mr. Finocchiaro to obtain his verbal acknowledgment of the signatures. Although he was not able to secure such an acknowledgment and was not present when the documents were signed, respondent thereafter completed the acknowledgment on the Deed and executed the jurat on the Affidavit for Consideration or Exemption which accompanies the Deed.

In July of 1980, the respondent testified concerning the preparation of this Deed at the request of the judgment creditor in an action heard in the United States District Court for the District of New Jersey. The litigation involved the execution on certain assets of Mr. Finocchiaro. During that litigation, Mr. Finocchiaro acknowledged signing the Deed.

It was the respondent's position at hearing before the District I Ethics Committee that he should not have signed the documents outside the presence of Mr. Finocchiaro, and that his actions were the result of an error in judgment.

The District I Ethics Committee concluded that the respondent violated *DR* 1–102(A)(1), (4), (5) and (6).

## CONCLUSION AND RECOMMENDATION

Upon a review of the full record, the Board is satisfied that the conclusions of the Committee, in finding unethical conduct on the part of the respondent, are fully supported by clear and convincing evidence. However, the Board is not convinced that

a private reprimand constitutes adequate discipline here. The Supreme Court has, in recent years, given clear notice of the importance of observing specific requirements in the execution of jurats and taking of acknowledgments. *In re Conti,* 75 *N.J.* 114 (1977); *In re Surgent,* 79 *N.J.* 529 (1979); *In re Rinaldo,* 86 *N.J.* 640 (1981); *In re Barrett,* 88 *N.J.* 450 (1982). A common requirement for the proper execution of a jurat or the taking of an acknowledgment is that the affiant or acknowledging party swear under oath in person in the presence of the attorney.

"... [T]here is no way in the law whereby an officer authorized to take an oath may certify that he had done such an act when in fact he has not, and in the nature of things there can be no such proceeding as the absent administration of an oath or the administration of an absent-oath. The thing is perfectly incongruous and impossible. The administration of an oath means something or nothing. It cannot be distorted; there is no room for construction, and for a violation of the law in this regard there can be no excuse." *In re Breidt and Lubetkin,* 84 *N.J. Eq.* 222, 226 (Ch.1915).

The failure of the respondent in the case at hand to insist upon the presence of the grantor when the jurat was executed and the acknowledgment was taken was thus more than an error in judgment: it was a blatant misrepresentation in violation of *DR* 1–102(A)(4), as well as a knowingly made false statement of fact in violation of *DR* 7–102(A)(5). To be considered in respondent's favor is the fact that his actions were not grounded on any intent of self-benefit, nor was anyone harmed as a result of his actions. The Board therefore recommends that the respondent be publicly reprimanded. The Board further recommends that the respondent be required to reimburse the Administrative Office of the Courts for administrative costs, including production of transcripts.

DISCIPLINARY REVIEW BOARD

By: /s/    A. Arthur Davis, 3rd
A. Arthur Davis, 3rd
Chairman

DATED: May 26, 1982.