525 A.2d 13

In Re: Nominating Petition of Kevin Pasquay, Republican Candidate for Councilman in the 6th District for the City of Philadelphia. Joan L. Krajewski, Appellant.

Argued April 24, 1987, before Judge PALLADINO, and Senior Judges KALISH and NARICK, sitting as a panel of three.

*Stephen P. Gallagher, Stack & Gallagher,* for appellant.

*Vito F. Canuso, Jr.,* for appellee.

OPINION BY JUDGE PALLADINO, April 29, 1987:

This election case presents our court with a matter of first impression. The sole issue for review is whether Joan Krajewski (Appellant), as the incumbent City Councilperson for the Sixth District of Philadelphia and a candidate for re-election to that office on the Democrat ballot, has standing to challenge the nomination petition of Kevin Pasquay, Republican candidate in the Republican party primary election for the same office.

In *In Re: Barlip,* 59 Pa. Commonwealth Ct. 178, 181, 428 A.2d 1058, 1059 (1981), Judge BLATT, writing for the court, stated that the Pennsylvania Election

Code[1] is silent on the issue of standing to challenge nomination petitions and, therefore, that we must look to traditional rules of standing as outlined in *William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975). The basic requirement for standing ·is that Appellant must demonstrate a "substantial interest" in the outcome of the litigation. Substantial interest has been defined as: "[T]he individual's interest must have substance—there must be some *discernible adverse effect to some interest other than the abstract interest of all citizens* in having others comply with the law." *Id.* at 195, 346 A.2d at 282 (emphasis added).

.Appellant is the incumbent and a candidate on the Democrat ballot in the primary election. She maintains no right or expectancy of continued employment by virtue ˙of the elected nature of her office, and therefore, she stands in the same shoes as any other individual. Incumbency is completely irrelevant.

The sole issue remaining for our determination is whether, in a primary election, a member of an opposing party maintains more than "the abstract interest of all citizens in having others comply with the law." *Id.* at 195, 346 A.2d at 282.

This court has previously recognized that a registered Democrat in a primary election has standing to challenge the nomination petitions of a Democrat candidate in his electoral district. *In Re: Duncan,* 102 Pa. Commonwealth Ct. 99, 516 A.2d 776 (1982). We have also recognized the standing of a political party to challenge the nomination petitions of a candidate in that party's primary election. *In Re: Barlip.* These cases affirm that our political system is founded upon a recogni-

---

[1] Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §§2600-4051.

tion that "any person who is registered to vote in a particular election has a substantial interest in obtaining compliance with the election laws by any candidate for whom that elector may vote in that election." 59 Pa. Commonwealth Ct. at 182, 428 A.2d at 1060.

Appellant is not a registered Republican and, therefore, is not eligible to vote in the Republican primary election. Pennsylvania maintains a system of strictly partisan primary elections. Our anti-party raiding legislation provides that only registered electors of a particular party may participate in that party's candidate selection process. No cross-over voting is permitted.[2] Only registered and enrolled members of a party may sign the nominating petitions of party candidates,[3] and even the right to circulate a candidate's petition is strictly limited to members of that political party.[4] Therefore, the conclusion is inescapable that while voting members of a particular political party do have a substantial interest in assuring Election Code compliance of the candidates in that party's primary election, non-members, who are not eligible to participate in any manner, do not have such a substantial interest.[5]

---

[2] Section 802 of the Pennsylvania Election Code, 25 P.S. §2832.

[3] Section 802 of the Pennsylvania Election Code, 25 P.S. §2867.

[4] Section 802 of the Pennsylvania Election Code, 25 P.S. §2869. (Nomination petitions of judicial candidates for a court of common pleas, for the Philadelphia Municipal Court, for the Traffic Court of Philadelphia, or for justice of the peace are excepted from this requirement.)

[5] *But see* Section 951 of the Pennsylvania Election Code, 25 P.S. §2911 providing that *any* qualified elector, regardless of party affiliation, may sign the nomination *paper* of a candidate nominated by a *political body. See also* Section 102(p) of the Pennsylvania Election Code, 25 P.S. §2602(p) and Section 801 of the Pennsylvania Election Code, 25 P.S. §2831, defining political body.

There can be no question that every voting member of the citizenry of Pennsylvania maintains an interest in assuring Election Code compliance from *all* candidates for *all* elected offices within the state. The factor that elevates the general interest of each registered voter to one that is sufficiently substantial to confer standing to challenge a candidate's nomination petition is that voter's eligibility to participate in the election.

The election at issue in this case is a Republican primary. Therefore, Appellant, being a registered Democrat, is ineligible to participate in the election. As such, she maintains no greater interest in the Republican primary than any of the general citizenry and therefore does not have standing to challenge the Republican candidate's nomination petitions.

The order of the trial court is affirmed.

ORDER

AND NOW, April 29, 1987, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

Senior Judge KALISH dissents.