594 A.2d 845

**Mark PENNSY, Notary Public, Petitioner,**

v.

**DEPARTMENT OF STATE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 14, 1991.

Decided July 1, 1991.

28

Frank Allan Wolfe, for petitioner.

Jackie Wiest Lutz, for respondent.

Before PELLEGRINI and KELLEY, JJ., SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Mark Pennsy (Pennsy) petitions for review of an order of the Secretary of the Commonwealth (Secretary) which revoked his notary public commission pursuant to Section 22 of the Notary Public Law.[1] We affirm the Secretary's finding of Pennsy's violation of the Notary Public Law but

1. Act of August 21, 1953, P.L. 1323, *as amended,* 57 P.S. § 168.

vacate the revocation of the commission and remand for reconsideration of the sanction imposed.

On March 12, 1986, Thomas J. Durbin (Durbin) sold his 1980 Volkswagon to James Bruce (dealer). Without the presence of a notary public, Durbin signed, but did not date, the certificate of title that he relinquished to the dealer. On December 3, 1986, Pennsy notarized the transfer of title from Durbin to the dealer; Pennsy then notarized the transfer of title from the dealer to his wife, Betty J. Pennsy.

On March 9, 1989, the Department of State, Bureau of Commissions, Elections and Legislation (Bureau) issued an order to Pennsy to show cause why his notary public commission should not be revoked.[2] The order to show cause contained two counts alleging: 1) that Pennsy notarized a certificate of title without having Durbin personally appear before him so that he could witness Durbin sign the document; and 2) that Pennsy notarized the certificate of title transferring title of a motor vehicle to his wife.

In an answer filed on March 29, 1989, Pennsy denied the factual allegations contained in the order to show cause and requested a hearing. On December 21, 1989, a hearing was held before William P. Boehm, Commissioner of the Bureau.[3] Pennsy participated in the hearing but was not represented by counsel. After the hearing, the Secretary issued an adjudication and order on June 26, 1990, revoking Pennsy's notary public commission. Pennsy filed this timely petition for review.

This Court's scope of review is limited to determining whether constitutional rights have been violated; whether an error of law has been committed; or whether any necessary findings of fact are not supported by substantial

2. At all times relevant to this appeal, Pennsy was commissioned as a notary public and his commission is due to expire on March 19, 1992.

3. The Commissioner of the Bureau was the Secretary's designate for the hearing in accordance with 4 Pa.Code § 143.5, 1 Pa.Code § 35.123 and 1 Pa.Code § 35.185.

evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

Pennsy asserts that he was not given adequate notice, prior to the hearing, of all of the charges pending against him. Pennsy contends that the Bureau introduced evidence at the hearing concerning matters not charged in the order to show cause, i.e., that Pennsy notarized the transfer of title to his wife, "even though he had a pecuniary interest in the transaction." [4]

The Notary Public Law provides:

The Secretary of the Commonwealth may, for good cause, reject any application, or revoke the commission of any notary public, *but such action shall be taken subject to the right of notice,* hearing and adjudication, and the right to appeal therefrom, in accordance with the provisions of the Administrative Agency Law.... (Emphasis added).

57 P.S. § 168.

Pennsy admits that he notarized the certificate of title without having Durbin personally appear before him; however, Pennsy argues that the Secretary erred by considering the additional charge in the disposition of the case. Pennsy contends that the revocation of his notary commission was not in accordance with the notice provision of Section 168 of the Notary Public Law, 57 P.S. § 168, since he did not have notice of all the accusations which formed the basis of the Secretary's decision to revoke his commission.

In the June 26th order, the Secretary revoked Pennsy's notary public commission based upon his consideration of the findings of fact, conclusions of law and discussion sections of the adjudication. The Secretary found as a fact that Pennsy filed suit in the United States District Court

---

4. Section 165(e) of the Notary Public Law provides, "[n]o notary public may act as such in any transaction in which he is a party directly or pecuniarily interested." 57 P.S. § 165(e).

against the dealer concerning the vehicle.[5] The Secretary then concluded that the fact that Pennsy filed suit was sufficient evidence that he had a pecuniary interest in the transaction and thus by notarizing the transfer of title to his wife, Pennsy violated the provisions of the Notary Public Law.

In the discussion portion of the adjudication, the Secretary stated:

> The issue before the Secretary is that Respondent (Pennsy) *not only notarized a document without having Mr. Durbin appear before him but he further notarized the same title for the sale of the vehicle to his wife, Betty Pennsy, even though a pecuniary interest could be established.* The Secretary, in weighing the type of conduct Respondent has committed, concludes that a severe disciplinary sanction against Respondent's Notary Public commission is warranted. (Emphasis added.)

The Secretary's decision to revoke Pennsy's commission was clearly based on the facts that Pennsy notarized a certificate of title without witnessing the signature of the affiant *and* that Pennsy notarized a transaction involving the sale of a motor vehicle to his wife when he had a pecuniary interest in the transaction.

Pennsy maintains that he was not specifically charged with having a direct or indirect pecuniary interest in the motor vehicle transfer to his wife. The charge against Pennsy in count two of the order to show cause only alleged that Pennsy notarized a certificate of title transferring title to his wife which, in and of itself, is not an offense under the Notary Public Law.[6] Although count two of the rule to show cause alleged that Pennsy notarized the transfer of

5. There was testimony in the record that Pennsy filed a civil law suit against the dealer to recover money he paid for the Volkswagon and has obtained an unsatisfied default judgment.

6. Section 165 of the Notary Public Law, 57 P.S. § 165(a–e), which sets forth limitations on a notary's powers, does not prohibit a notary from performing notarial acts for a spouse; likewise, our review of the other provisions of the Notary Public Law also fails to reveal said prohibition.

title of a motor vehicle to his wife, there was no allegation that he had a pecuniary interest in said transaction.

The failure of the Secretary to give Pennsy notice that he would be charged with violating the Notary Public Law by notarizing a transaction in which he had a pecuniary interest not only violated the notice provision of 57 P.S. § 168 but also violated Pennsy's due process right to notice of the charges against him.[7]  Due process of law is afforded in administrative proceedings when the accused is informed with reasonable certainty of the substance of the charges so that the accused may adequately prepare a defense. *Department of Transportation, Bureau of Motor Vehicles v. Tutt,* 133 Pa.Commonwealth Ct. 537, 576 A.2d 1186 (1990).  The charge in count two of the order to show cause was not sufficient to inform Pennsy with reasonable certainty of the substance of the accusations lodged against him in order for him to prepare a defense. *See Straw v. Human Relations Commission,* 10 Pa.Commonwealth Ct. 99, 308 A.2d 619 (1973).

Accordingly, since the Secretary admittedly, in addition to predicating the revocation of Pennsy's commission based upon count one of the order to show cause, also based the revocation on count two; we vacate the order and remand to the Secretary to reimpose a sanction absent any consideration of whether or not Pennsy had a pecuniary interest in the transaction transferring title to his wife. *See Commonwealth v. Downing,* 24 Pa.Commonwealth Ct. 613, 357 A.2d 703 (1976).

## ORDER

AND NOW, this 1st day of July, 1991, the order of the Secretary of the Commonwealth is vacated and the matter is remanded with directions to reconsider the sanction for

7. Due process of law is equally applicable to administrative agencies as it is to courts of law. *Department of Health v. Brownsville Golden Age Nursing Home, Inc.,* 103 Pa.Commonwealth Ct. 449, 520 A.2d 926, appeal denied, 515 Pa. 610, 529 A.2d 1083 (1987).

the reasons specified in the foregoing opinion. Jurisdiction relinquished.