## In re PETITION TO SET ASIDE CERTAIN NOMINATING PETITIONS FOR OFFICE OF LOWER MORELAND TOWNSHIP SCHOOL DIRECTOR.

### Appeal of Marla B. FRIEDENBERG, Appellant.

Commonwealth Court of Pennsylvania.

Submitted April 13, 1995.
Decided April 21, 1995.

---

Marc S. Bragg, for appellant.

Morris Paul Baran, for appellees.

Before COLINS, President Judge, and PELLEGRINI, J., and LORD, Senior Judge.

OPINION

LORD, Senior Judge.

Marla Friedenberg appeals a Montgomery County Common Pleas Court order granting a demurrer and dismissing her petition to set aside certain nominating petitions of candidates for school director of the Lower Moreland School District.

Friedenberg, a registered Democrat and candidate for school director on both the Republican and Democratic ballots, filed a petition to set aside the nominating petitions of, *inter alia,* Susan Vogeler Heerin, Glenn Lampert, Joan Goldman, Thomas Smith, Pamela Levy and Marilyn Gilpin (respondents) as candidates for that office on both party ballots. The petition averred that those candidates failed to file timely statements of financial interest as required by Section 404 of the Public Official and Employee Ethics Act[1] (Ethics Act), 65 P.S. § 404.

The respondents, registered Republicans who are also cross-filed, filed an answer and

new matter, averring that Friedenberg failed to identify herself as a member of any political party, and is a registered Democrat. The respondents therefore contended that Friedenberg lacked standing to challenge their nomination petitions because she is not a registered member of their party, the Republican Party.

The common pleas court held a hearing, wherein it was stipulated that Friedenberg is a registered Democrat and that the respondents failed to file timely financial interest statements. The court granted the alternative relief the respondents sought and dismissed Friedenberg's petition to set aside the respondents' nomination petitions as Republican candidates but barred the respondents' names from appearing on the Democratic ballot. Friedenberg appeals that decision.

The question presented on appeal is whether a candidate for the office of school director, who is a registered member of one political party, and who, by statute may cross-file in the other party's primary election, has the requisite standing to challenge the candidacy of individuals registered with that other party and seeking the same office. The question appears to be one of first impression.

This Court clearly has held that a registered member of a certain party has no standing to challenge a candidate in the opposing party's primary.

That holding is thus summarized.

The election at issue in this case is a Republican primary. Therefore, Appellant, being a registered Democrat, is ineligible to participate in the election. As such, she maintains no greater interest in the Republican primary than any of the general citizenry and therefore does not have standing to challenge the Republican candidate's nomination petitions.

*In re: Nominating Petition of Pasquay,* 105 Pa.Commonwealth Ct. 532, 525 A.2d 13 (1987) *aff'd,* 515 Pa. 453, 529 A.2d 1076 (1987).

1. Act of October 4, 1978, P.S. 883, No. 170, § 1, as reenacted and amended, June 26, 1989, P.L. 26, No. 9, § 1, 65 P.S. §§ 401–413.

However, no court in this Commonwealth has yet decided the question presented in this case. Where a candidate is permitted to cross-file, does that status give him such an interest that he can challenge a candidate or candidates in the primary where he has no rights as a registered voter? We think it does.

*Pasquay* makes it clear that its decision is not based upon any specific statute, but on lack of standing, since a member of an opposing party has no more than "the abstract interest of all citizens in having others comply with the law." *Id.* at 534, 525 A.2d at 13 (quoting *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975)). Here, however, the challenger, by virtue of the law permitting cross filing, has the tangible and obvious interest in having her opponents comply with the law. Thus, she has as much, if not more, of an interest than a person who is registered to vote in the particular primary.

In *Pasquay*, the Court recognized our system of strictly partisan elections and noted no cross-over voting is permitted. Here, cross-*filing* by candidates for school director is permitted by statute. As in the case of judicial candidates, who are also permitted to cross-file, this statutory provision necessarily recognizes a differentiation between these and other elective offices. *See In re the Substitute Nomination Certificate of Evans*, 158 Pa.Commonwealth Ct. 297, 631 A.2d 797 (1993) *aff'd*, 534 Pa. 279, 632 A.2d 862 (1993).

We stated in *Pasquay* that "[t]he factor that elevates the general interest of each registered voter to challenge a candidate's nomination petition is that voter's eligibility to participate in the election." *Id.* at 536, 525 A.2d at 14. As a duly filed Republican candidate, Friedenberg is eligible to participate (and, as, we have said, has an interest at least as great as that of an elector) in the Republican primary election for school director candidate.

Any decision that would preclude a challenge would have to be based on the conclusion that a candidate could file in another party's primary election, but must rely on the whims of others to ascertain that his opponents comply with the law. In this case,

compliance with the law is particularly important, for the legislature has made the failure to file a financial statement timely an unwaivable requirement which warrants automatic disqualification as a candidate, *Petition of Chioppa*, 533 Pa. 564, 626 A.2d 146 (1993). We also note that the the failure to file such statement can be a grounds for precluding the taking of office or receiving compensation. 65 P.S. § 404(d).

In view of the fact that the parties have stipulated that the appellees filed the financial statements late, we will reverse and order that the appellees' names do not appear on the Republican ballot.

### *ORDER*

AND NOW, this 21st day of April 1994, it is hereby Ordered that the order of the Montgomery County Common Pleas Court at No. 95–05023, dated March 22, 1995, is reversed and the names of the appellees in the above-captioned matter shall be stricken from the Republican party ballot for the primary election for the office of Lower Moreland Township School Director.

PELLEGRINI, J., filed dissenting opinion.

PELLEGRINI, Judge, dissenting.

I respectfully dissent. Against the long established practice, the majority holds where cross-filings are allowed, that a candidate of one party who has cross-filed has standing to challenge the nomination petitions of individuals of a candidate of another party.

The reasoning behind the majority opinion is that in *In re: Nominating Petition of Pasquay*, 105 Pa.Commonwealth Ct. 532, 535, 525 A.2d 13, 14 (1987), *aff'd*, 515 Pa. 453, 529 A.2d 1076 (1987), we stated that "[t]he factor that elevates the general interest of each registered voter to challenge a candidate's nomination petition is that voter's eligibility to participate in the election." Because the candidate of another party is allowed to cross file for the other party's nomination, the majority then finds because that constitutes participation, that person has

standing to challenge the other party's nomination petition.

Primary elections are held to select candidates of parties and are an internal party matter. Section 6 of the Election Code, 25 P.S. § 2862.[1] Individuals who are not members of a party are not allowed to participate in the other party's affairs. Unless a person is registered and enrolled as a member of the party, a person cannot vote at the primary of such party, serve as party officer or be a delegate to the party convention. Section 802 of the Election Code, 25 P.S. § 2832.

Despite that, the majority finds that because a person can cross file, they then become a participant in the other party's affairs. A cursory examination of the nominating process shows that not to be true. Cross-filing is not permitted for the benefit of candidates. It was instituted so that in certain types of elections, where ideology should be unimportant, members of other parties can nominate anyone they choose, whether they are a member or not of their party. Nomination petitions have to be circulated by members of that party to place the candidate, who is not a member of that party, on the ballot. Section 909 of the Election Code, 25 P.S. § 2869. Only enrolled members of that party have a right to sign those nominating petitions. Section 908 of the Election Code, 25 P.S. § 2868. A candidate who desires to cross file on the other party's ballot does not have the ability to circulate nominating petitions to cross file, nor even sign the nominating petition, because he or she does not have a right to participate in that party's affairs. If members of that party choose not to circulate, or sufficient members choose not to sign the nominating petitions, that person will not be placed on the other party's ballot. Though a person can be placed on the ballot of the other party, that person does not participate in the nominating process, and can't vote to be on that party's "ticket."

Because a primary is still an internal party matter, the candidate who is on the other party's ballot is an outsider to, and not a participant in, the nominating process. Just like everything else in the nominating process, only a member of a party can challenge nominating petitions to place candidates on the ballot for that party. Not being a member of that party, a candidate whose name is placed on the other party's ticket has no standing to challenge the nomination petitions for candidates not of his or her party.

While the majority holding permits challenges by candidates who cross file to the other party's nominating petition because of any defect in the nominating petitions, it attempts to bolster its holding by stating that it is important to have all candidates be able to file because the legislature has made failure to file a statement of financial interest a nonwaivable requirement that "precludes the taking of office or receiving compensation." Lest there be any suggestion by this dicta that a quo warranto action can be filed because a candidate did not file the required statement, Section 977 of the Election Code, 25 P.S. § 2937, requires that all objections to nominating provisions must be filed within seven days of the last day of filing or the defect is waived. No objection filed after that period to the failure to file has any impact on whether that person, if he or she wins the election, can serve. While Section 404(d) of the Public official and Employee Ethics Act[2], 65 P.S. § 404, provides that a "public official shall not be allowed to take an oath of office or continue upon his [or her] duties" unless a statement of financial interest is filed, that does not affect the validity of the election, only that until the statement is filed, the person cannot assume office.

Accordingly, I respectfully dissent.

1. Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. § 2601–3572.

2. Act of October 4, 1978, P.L. 883, No. 170, *as reenacted and amended,* June 26, 1989, P.L. No. 9, 65 P.S. §§ 401–413.